UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cr-00167-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| JASON MICHAEL BROWN, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on defendant's pro se letter that does not have a caption, but which has been deemed to be a Motion for Return of Seized Property/Post Trial. Defendant's letter contains an ad mixture of projections, requests, and accusations.

First, defendant projects that he is filing a Section 2255 motion. Review of the docket does not reveal that such a motion has been filed.

Second, defendant contends that his attorneys have his "evidence supporting my facts" and that his attorneys have not given him those materials despite his requests. Defendant does not appear to allege that he is unable to formulate his Section 2255 motion without those materials, but appears to suggest that those materials would be evidence that would support his yet-to-be filed petition. Such issue can be dealt with once petitioner files his petition and the Court has had an opportunity to do an initial screening to see if viable claims have been stated within the time allowed.

Third, defendant states that he has asked his attorneys to file a motion for return of seized property. While he appears to state that no motion was filed, he goes on to provide that his

1

stepmother was able to retrieve some of his property, but still has "approved returnable items." The Court considers this to be a statement of facts as they appear to defendant.

Fourth, defendant complains that the FBI cleaned a Sony computer before his stepmother picked it up and that such machine had no illegal materials, but contained irreplaceable family documents. To the extent defendant may be contending that the government destroyed his personal property, that claim cannot be prosecuted in this criminal action but must be pursued through administrative claims and, perhaps, the Federal Torts Claim Act in a civil proceeding after exhaustion of administrative remedies.

Fifth, defendant contends that the cleaned Sony computer also contained "evidence of supporting facts." Defendant's remedy, if any, is to argue in the Section 2255 action that such cleaning of his computer is "spoliation" of evidence and that the Court should consider whatever he describes as being on that computer that supports his contentions. Again, there is no relief available in this criminal action and can only be determined once defendant files his Section 2255 motion.

Sixth, defendant states that he is "filing a motion to return seized property." Earlier statements in the motion indicate, however, that the government has agreed to return his personal property, with some materials available that simply have not been picked up. Thus, there is no relief which can be afforded under Rule 41(g) at this point.

Seventh, defendant states that he would "rather my stepmother pick up the case files and disks from my attorneys." To the extent defendant believes he needs information in the possession of his criminal attorneys to provide evidentiary support in the civil Section 2255 case that has not been filed, that issue is not yet ripe because the Court will only know what the claims are once it has screened the petition. Further, defendant is advised that to the extent he may be seeking

discovery that was provided to defense counsel pursuant to a discovery agreement, the Court notes that the government's open file policy prevents defense counsel from providing defendants with copies of discovery and that such materials are typically returned to the government at the conclusion of the case. Shelton v. Inman, 1:17CV327, 2017 WL 2455781, at *3 (M.D.N.C. Apr. 25, 2017), *report and recommendation adopted*, 1:17CV327, 2017 WL 2455102 (M.D.N.C. June 6, 2017). Such a practice is completely lawful. Id. Defendant can certainly ask his attorneys to provide him with a copy of his own materials.

If defendant can identify any item of personal property that has not been made available for return and is not contraband, he can file a specific Rule 41(g) motion seeking return of that item or items. If defendant needs a copy of his case file from his attorneys (that is not subject to the discovery agreement) to prepare his Section 2255 motion, he can file a Motion to Compel his attorneys to provide such a copy but must show therein that a copy has not previously been provided, that he has attempted to resolve the request with the attorneys prior to filing the motion, and that the attorneys have been sent a copy of the motion.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's pro se Motion for Return of Seized Property/Post Trial (#55) is **DENIED** without prejudice. If defendant can identify any item of personal property that has not been made available for return and is not contraband, he can file a specific Rule 41(g) motion seeking return of that item or items.

Defendant is reminded that he has one (1) year from the Judgment in this matter becoming final to file a petition under 28 U.S.C. § 2255. A judgment of conviction becomes final when the

time expires for filing a petition for *certiorari* contesting the appellate court's affirmation of the conviction. Clay v. United States, 537 U.S. 522 (2003).

Signed: March 12, 2018

Max O. Cogburn Jr
United States District Judge