UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cr-167-MOC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| JASON MICHAEL BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 72). The Government has responded in opposition to the motion, (Doc. No. 75). For the following reasons, Defendant's motion will be **DENIED**.

**I.     BACKGROUND**

A. Defendant's Criminal Conduct

Defendant was charged on a Bill of Information on September 10, 2014, for Transportation of Child Pornography (Count 1) and Possession of Child Pornography (Count 2). The charges stemmed from Defendant's conduct in December 2011 whereby he downloaded and installed a peer-to-peer file sharing software program called "Gigatribe," which is commonly utilized by individuals seeking to obtain child pornography. (Doc. 23 ("PSR") at ¶ 8). Thereby, Defendant agreed to share a password to his Gigatribe folders with an FBI undercover agent. (Id. at ¶ 15).

On December 19, 2011, the FBI undercover agent was able to view 828 images of child pornography through Defendant's folders at that time. (Id. at ¶ 16). Defendant downloaded images from these folders. (Id. at ¶ 18). On multiple other occasions in December 2011, the FBI undercover agent was also able to access Defendant's Gigatrible folders, which contained

1

thousands of images of child pornography, including images depicting children appearing to be under the age of 12. (Id. at ¶¶ 11, 20, 25, 30).

On September 11, 2014, Defendant pleaded guilty to Count 1 (18 U.S.C. § 2252A(a)(1)) and Count 2 (18 U.S.C. § 2252A(a)(5)(B)). (PSR at ¶ 2). Per the terms of Defendant's plea agreement, the parties agreed to jointly recommend a base offense level of 22 under U.S.S.G. § 2G2.2(a)(2), that the applicability of the distribution enhancement pursuant to U.S.S.G. § 2G2.2(a)(2) would be determined by the Court, and that the United States and Defendant may argue in favor of any other enhancements or reductions. (Doc. 2).

On September 30, 2015, Defendant was sentenced to 240 months on Count 1 and 120 months on Count 2, each count to run concurrently. (Doc. 29). In fashioning the sentence, the Court considered that Defendant used the child pornography images to assist in the molestation of a child. (See Doc. 28; Doc. 30, p. 3).

B. Defendant's Current Incarceration

Defendant, now 49, is currently incarcerated at Petersburg Low FCI. He has served approximately 97 months of his sentence, and his projected release date with full good time credit is June of 2029. Defendant's disciplinary record reflects one incident on January 11, 2020, where Defendant possessed a hazardous tool, and admitted to the charge. Defendant has taken several educational classes while incarcerated. Petersburg Low FCI is currently reporting 0 active COVID cases among its staff and inmates. See www.bop.gov/coronavirus/ (last accessed May 12, 2023). Defendant is fully vaccinated for COVID-19.

C. Defendant's Requests for Compassionate Release

Defendant filed a request with BOP for compassionate release on November 28, 2022, which was denied the following day. (See Doc. 72 at 2). The Warden's response stated that

2

Defendant does not have any life-threatening medical problems, and that Defendant's "medical records indicate [his] physical health does not diminish [his] ability to function in a correctional facility and conventional treatment is still controlling [his] conditions." On or about April 4, 2023, Defendant filed the instant motion. (Doc. 72). Defendant seeks compassionate release based on the following: (1) his claimed vulnerability to COVID-19; (2) the BOP's inability to provide adequate healthcare; (3) the purported overly punitive conditions of confinement; and (4) his argument that his convictions violate Double Jeopardy.

II. DISCUSSION

Once a defendant properly exhausts his administrative remedies, this Court may reduce Defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. That policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals held that Section 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exist to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, the Court is "empowered . . . to consider any extraordinary and

compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). The Court still may consider the § 1B1.13 factors, however, because that Section "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7. As the movant, Defendant still bears the burden of establishing that he is eligible for a sentence reduction, and that includes establishing that "extraordinary and compelling reasons" justify his request. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

Defendant has not established an extraordinary and compelling reason for compassionate release. Defendant has not alleged that he satisfies any of the criteria for compassionate release authorized in Sentencing Guidelines § 1B1.13, nor has he alleged any disparity between the sentence he received and the sentence "provided for under the First Step Act." McCoy, 981 F.3d at 286. As previously explained, the pertinent U.S.S.G. policy statement treats as an "extraordinary and compelling" circumstance "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 app. note 1(A)(ii).

BOP records show that Defendant is able to care for himself while he finishes his prison sentence. Defendant's diagnosed health concerns include hyperlipidemia, joint pain, and vision problems. Defendant's diagnoses appear to be well controlled under the care of BOP. Defendant also asserts that he suffers from hypertension. The CDC has consistently indicated that there is insufficient evidence to conclude that hypertension places a person at a greater risk of a severe outcome from COVID-19. The CDC previously stated that hypertension "possibly" can make a person more prone to severe illness, as distinct from many other conditions that the CDC states

4

can make severe illness more likely. www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed May 16, 2023). Accordingly, many courts, with endorsement from courts of appeals, have denied relief when hypertension is the only potential risk factor presented.[1] Defendant also states that he believes he suffers from "Long Covid," but this has not been diagnosed.

Defendant's other diagnosed health problems (joint pain and vision problems) are not included with the CDC's higher risk factors. Regardless, when considering that COVID-19 is no longer a public health emergency and Defendant's medical history, Defendant does not present an "extraordinary and compelling reason" for compassionate release because he has been fully vaccinated and boosted against COVID-19. Accord United States v. Butler, No. 18-cr-20801, 2022 WL 317753, at *4 (E.D. Mich. Feb. 2, 2022).

Defendant also provides the conclusory claim that he suffers from undiagnosed and untreated mental health disorders that the BOP has not adequately treated.[2] However, this allegation is entirely unsubstantiated. Defendant contends that he has attached to his Motion his requests to psychology that were unanswered, but no such exhibit is enclosed. To the contrary, Defendant's medical records reflect that he has been evaluated and treated for nightmare and anxiety disorder. Accordingly, Defendant's allegations regarding untreated mental health disorders are unfounded.

Defendant also submits that he suffered an overly punitive sentence because of the

---

[1] See, e.g., United States v. Thompson, 984 F.3d 431, 434 (5th Cir. 2021) ("commonplace" conditions of hypertension and hyperlipidemia are not extraordinary); United States v. Harris, 989 F.3d 908, 912 (11th Cir. 2021) (affirming district court's conclusion that defendant's hypertension was not extraordinary and compelling).
[2] In Defendant's PSR, he reported no history of mental or emotional problems, and no information to the contrary was included. (See PSR, p. 16).

5

restrictions implemented at FCI Petersburg Low during the COVID-19 pandemic. Defendant concedes that "all federal prisoners have experienced conditions similar to those suffered by [him]," (Doc. 72, p. 8), but he claims his suffering has been amplified given his unique physical and mental health issues. Defendant has failed to properly articulate how his physical and mental health issues are significantly unique to justify the "extraordinary and compelling" reason to grant compassionate release. United States v. Polnitz, No. 17-cr-201, 2020 WL 1139836, at *2 (E.D. Wis. Mar. 9, 2020) ("Many inmates suffer from pain and mental illness."). Further, the operations at FCI Petersburg Low have returned to relative normalcy, as the facility is currently designed at Operational Level 1, which imposes the least COVID-19 restrictions.

Defendant further asserts that his convictions for possession of child pornography and transportation of child pornography violate Double Jeopardy. The Fourth Circuit has recognized that a compassionate release motion may not be employed to attack a conviction or sentence. See United States v. Ferguson, 55 F.4th 266, 272 (4th Cir. 2022) (holding that "a compassionate release motion cannot be used to challenge the validity of a defendant's conviction or sentence"). Section 2255 remains "the exclusive method" for such challenges, and Defendant may not "sidestep § 2255's requirements" through a motion for compassionate release. Id. at 270 (citing 28 U.S.C. § 2255).

The Court further finds that, even if Defendant had shown extraordinary and compelling reasons for compassionate release, consideration of the Section 3553(a) factors counsel against relief. This Court must consider the sentencing factors in 18 U.S.C. § 3553(a), as "applicable," as part of its compassionate release analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020). Those factors include "the nature and circumstances of the underlying offense and the history and characteristics of the defendant, as well as the need for

6

the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from further crimes of the defendant." United States v. Prater, No. 3:13-cr-133, 2021 WL 54364, at *4 (E.D. Va. Jan. 6, 2021) (citing 18 U.S.C. § 3553(a)(1)–(2)). Section 3553(a) also instructs courts to consider the sentencing range established for the offense, as well as "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a)(4), (6).

Defendant has not shown that the sentencing factors in Section 3553(a) warrant a reduction in his sentence. Defendant's offense conduct was extremely serious. The nature and circumstances of Defendant's offense involve the possession and transportation of child pornography. Specifically, Defendant downloaded and installed a peer-to-peer file sharing software for the purposes of downloading and sharing folders containing thousands of images of child pornography, including images depicting children who appear to be under the age of 12 performing sexual acts. Second, Defendant's history and characteristics also weigh against compassionate release. Defendant used the child pornography images to assist in the molestation of a child. (See Doc. 28; Doc. 30, p. 3). This conduct reflects Defendant's danger to the community, and permitting Defendant to be released would not adequately protect the public from potential subsequent offenses involving child pornography.

Finally, compassionate release is not appropriate here given the need to promote respect for the law and to avoid unwarranted sentencing disparities. Defendant was sentenced to 20 years for serious child pornography offenses. Defendant fails to demonstrate how release, after serving approximately 11 years of a 20-year sentence reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. See 18 U.S.C. § 3553(a)(2)(A).

In sum, the nature and circumstances of Defendant's offense, his history and

7

Case 3:14-cr-00167-MOC   Document 76   Filed 06/28/23   Page 7 of 8

characteristics, and the need for deterrence, for just punishment, and to protect the public all weigh against a discretionary sentence reduction.

For all these reasons, the Court will deny Defendant's motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 72), is **DENIED**.

Signed: June 27, 2023

Max O. Cogburn Jr
United States District Judge